# District Court of the Navajo Nation

### Judicial District of Shiprock, New Mexico

**Annie C. Begay, Plaintiff,**

v.

**Harry and Lucinda Frank, Defendants.**

**Decided February 27, 1997**

## JUDGMENT AND ORDER

Judge Lorene Ferguson presiding.

THIS MATTER having come before this Court on a hearing on the 15th day of August, 1995, and an Order to Show Cause motion filed by the Petitioners, and the Plaintiff and her counsel having failed to appear, although they were duly notified, and the Defendants having appeared with counsel and the Court having reviewed the file and having taken testimony and evidence, FINDS:

1. That this Court has jurisdiction over the parties and the real property known as Farm Plot No. 309, Hogback Project, District No. 12.

2. That Land Use Permit for 8.62 acres on Plot No. 309, was issued to Tommy Begay, Sr. on June 19, 1959.

3. That Tommy Begay, Sr. was granted a divorce in SR-D-233-74.

4. That pursuant to the divorce decree, Land Use Permit for 7.1 acres in Plot No. 309 was issued to Tommy C. Begay as *trustee* on August 19, 1980. On the back of the permit it states as follows:[1]

---

1. The Shiprock Court took the following actions:

1. The Court ordered 8.62 acres be issued to Tommy Begay, Sr. as trustee for Lucinda Begay (Frank) and Tommy Begay, Jr.; however, only 7.1 acres was reissued.

2. On about November 1, 1984, an Order was issued by the Shiprock District Court in which the Court's findings consisted of: Plot No. 309 is held by order of this Court as a life estate for Alice C. Begay and Annie C. Begay.

3. Upon the death of the survivor of Alice C. Begay or Annie C. Begay, Plot No. 309 shall become the property of Lucinda Begay.

4. During the period of the life of Alice C. Begay and while J.C. Begay acts as guardian and conservator of her estate, he has the right to enter into and use the property for the benefit of his mother insofar as her interests may appear.

[In this document the Court further Orders] that J.C. Begay shall have the right to enter into and use the property located at Plot No. 309 during the lifetime of his mother, and during such time as he shall remain her conservator and the guardian of her person and estate, and may apply the proceeds and profits of such land to the benefit of Alice C. Begay, up to and including an undivided one-half of the proceeds, profits and use.

[This document was signed by Judge Hilt and submitted by F.D. Moeller and approved by Herman Light.]

[The parties in this matter have filed a suit against Johnny C. Begay who is the son of Alice Begay, brother to Tommy C. Begay and Annie C. Begay.]

As per divorce decree dated July 17, 1975, Tommy C. Begay is to hold in *trust* this permit for Plot No. 309 for the following children:.

Lucinda Ann Begay, C#204,257; DOB: 06-21-63;
Tommy C. Begay, Jr., C#205,667; DOB: 06-17-65.

5. The Land Use Permit issued on June 19, 1959 was canceled and reissued to him as trustee for *cestui que trust*, Lucinda and Tommy, Jr.

6. That on June 15, 1984, a few days before Lucinda Begay was to reach age 21 and a few days before Tommy Begay, Jr. was to have reached age 19, having reached majority, Judge James Atcitty entered "Findings and Judgment" in docket numbers SR-CV-90l-81, SR-CV-388-83 and SR-CV-3082-84 (consolidated cases), in which he states, "after numerous meetings and settlement discussions, supervised by the Court, the parties have reached a full comprehensive and complete agreement to resolve all matters between them and members of their families" and in part of that agreement, it states at p. 3, c 1 and 2, the following:

c. Plot No. 309, Hogback Project

1. During the lifetime of Alice C. Begay and Annie C. (Begay) Bowman, Plot No. 309 shall continue to be possessed and used as it has been for the benefit of Alice C. Begay and Annie C. (Begay) Bowman.

2. When the latter of Alice C. Begay and Annie C. (Begay) Bowman dies, Plot No. 309 and all improvements located thereon shall be transferred to Lucinda Begay.

7. On June 27, 1986, an Order was entered by Judge Harry Brown in which it states at 1 and 4 on page two:

1. The Findings and Judgment previously filed and approved by counsel and entered by the Court on June 15, 1984 is reaffirmed and binding on the parties thereto and shall be implemented and remain in full force and effect.

4. The provisions of the former judgment entered June 15, 1984 as to Plot No. 309, Hogback Project, shall remain in full force and effect, that is that during the lifetime of Alice C. Begay and Annie C. Begay Bowman, Plot No. 309 shall continue to be possessed and used as it has been for their benefit, and upon the death of both parties, Plot No. 309 and all improvements located thereon shall be transferred to Lucinda (Begay) Frank.

8. Review of the records shows the following occurrences:

a. July 17, 1975: Divorce issued in SR-D-233-74 in which 8.52 acres of land, Plot 309, was transferred to be held in trust by Tommy L. Begay, Sr. for beneficiaries Lucinda Begay (Frank) and Tommy Begay, Jr.

b. August 18, 1980: Land use permit was reissued to Tommy Begay, Sr. as trustee. Item 1 of the conditions reads:

This land will be yours to use as long as beneficial use is made of it as deter-

mined by the Superintendent of the Shiprock Agency, Navajo & Bureau of Indian Affairs.

The back of the reissued Land Use Permit reads:

> As per divorce decree dated July 17, 1974, Tommy C. Begay is to hold in TRUST this permit for Plot No. 309 for the following children:
>
> Lucinda Ann Begay, C#204257, DOB: 06/21/63 and
> Tommy C. Begay, Jr., C#2135667, DOB: 06/17/65.

c. SR-CV-903-81: On October 22, 1981, a complaint for forcible entry and detainer was filed by Irene Brown, former wife of Tommy Begay, Sr., in which she requested that Tommy Begay, Sr. be found guilty of forcible entry and detainer as he refused to deliver Plot 317 to her.

d. SR-CV-903-81: *Irene Brown v. Tommy C. Begay,* Irene Brown stated she was awarded Plot 317 as sole and separate property by divorce decree entered by this Court on July 16, 1975, case no. SR-D-233-74.

e. June 27: Judgment was entered in SR-CV-903-81, SR-CV-388-83 and SR-CV-3082-84 and states at 4 that:

> Provisions of the former judgment entered June 15, 1984 as to Plot No. 309, Hogback project, shall remain in full force and effect, that is that during the lifetime of Alice C. Begay and Annie C. Begay Bowman, Plot No. 309 shall continue to be possessed and used as it has been for their benefit and upon the death of both parties, Plot No. 309 and all improvements located thereon shall be transferred to Lucinda (Begay) Frank.

f. SR-CV-224-84: A judgment was entered regarding the appointment of Johnny C. Begay as guardian conservator in which Johnny C. Begay is given the right to enter into and use the property for the benefit of his mother insofar as her interests may appear in Plot No. 309.

g. June 1992: Partial probate was entered by Family Court in which a house located on a farm was awarded to Annie C. Begay and also listed erroneously as assets of the estate of Alice Begay a "one (1) Land Use Permit for agricultural purposes, Plot No. 309 which was awarded to Lucinda Begay by prior Court order (Docket No. SR-CV-903-81, SR-CV-388-83 and SR-CV-3082-84)." Annie C. Begay was listed as having life estate in the property.

h. December 17, 1992: A Stipulated Final Probate decree was entered and was to be made part of partial probate decree entered June 1992.

i. November 2, 1993: Peacemaking was requested by Annie Begay involving a dispute over Plot No. 309.

j. Peacemaking was requested and a pacemaking session was to be held on November 16, 1993. However, this was vacated as the parties, Lucinda (Begay) Frank and Tommy C. Begay, were the only parties appearing. Instead, a conference was held between the two and Tommy C. Begay suggested that all children of Alice C. Begay be gathered to decide how the land and property in

Plot No. 309 was to be distributed.

k. May 17, 1994: On April 19, 1994, peacemaking was requested by Annie C. Begay regarding Plot No. 309, including the house. The Peacemaker found that the house was inherited by Annie Begay. The 7.1 acres was found by the peacemaker as still under trusteeship by Tommy Begay, Sr. The Peacemaker also stated that Lucinda Frank moved on to Plot No. 309 upon consent of Annie C. Begay.

l. May 26, 1994: A letter from Kevin Hale, Lucinda Frank's Attorney was sent to Tommy Begay, Sr. asking if he has fulfilled Order, by transferring possession of ownership of Plot No. 317 to Lucinda Begay Frank and Plot No. 309 to Lucinda (Frank) Begay and Tommy Begay, Sr.

m. May 27, 1994: An informal meeting was held in which there was an attempt to settle which was postponed to June 28, 1994.

A request for peacemaking was filed by Annie Begay, and on June 28, 1994, a session was held and some cases were set as grounds. The cases are SR-FC-179-91 and SR-CV-224-84.

On June 28, 1994, a peacemaking session was held and present were: Annie C. Begay, Tommy C. Begay, Sr., J.C. Begay, Elizabeth Begay, Irene Brown, Harry Frank and Bessie Clah.

n. March 08, 1995: A letter was written to Tommy C. Begay by Mr. Hale in which demand to comply with Court Order was made as follows:

1. Seeking written confirmation that Mr. Tommy Begay, Sr. take no further steps to remove Lucinda Begay Frank from Plot No. 309.

2. Assisting Tommy Begay, Jr. in constructing a home on Permit No. 12-2043.

3. Requesting payment of $2,300.00 balance as down payment for a mobile home for Lucinda Begay.

4. Asking for mobile home purchased by Lucinda Begay be returned for installation on Plot No. 308.

5. Assisting on planting and harvesting alfalfa and crops in Plot No. 308 or bear 50% of costs of planting and harvesting crops on Plot No. 308.

o. April 06, 1995: Petition for an Order to Show Cause filed by Annie C. Begay.

p. April 16, 1995: Annie C. Begay filed a Motion for Order to Show Cause stating:

1. That on November 01, 1984, Annie C. Begay along with her mother obtained an Order in which they were awarded a life estate in Plot No. 309 and that Annie C. Begay had a right to enter and use the property. Alice Begay, Annie's mother, since then is deceased. Not acknowledged here is the decree dated July 17, 1975, in which Plot No. 309 was to be transferred to Tommy C. Begay, Sr., as trustee for minors then, Lucinda and Tommy Jr. The transfer was ordered from Tommy C. Begay, Sr., land use holder, to Tommy C. Begay, Sr. as trustee.

2. Petitioner also points to the June 22, 1984 Order stating, "that Plot No. 309 shall continue to be possessed and used as it has been" by petitioner.

3. That in January 1993, Harry Frank and Lucinda Begay Frank were alleged to have "unlawfully entered Plot No. 309 and entered Annie C. Begay's house which is located on Plot No. 309."

q. May 17, 1995: A Response was filed by Mr. Kevin Hale to Petition for an Order to Show Cause.

r. August 11, 1995: Affadavits were filed by Irene Brown and Lucinda Frank.

s. August 11, 1995: A Petition and Motion for Order to Show Cause were filed by Lucinda Begay Frank, Irene Brown and Harry Frank to enforce SR-CV-903-81, SR-CV-388-83 and SR-CV-3082-84.

t. Lucinda Begay Frank filed a Response to the Order to Show Cause requesting this Court to enforce the judgment entered May, 1984 in SR-CV-903-81 and that Plot No. 309 be immediately transferred to Lucinda Frank and Harry Frank.

u. On August 11, 1995, Ms. Lucinda Begay, filed in SR-CV-36-95, a Petition and Motion for an Order to Show Cause requesting:

1. This Court to enforce SR-CV-903-81; SR-CV-388-83; and SR-CV-3082-84.

2. This Court to implement judgment entered in SR-CV-901-81 as Tommy C. Begay, Sr. failed to comply with section A of Judgment in SR-CV-903-81.

v. A hearing was scheduled for August 15, 1995 and petitioner did not attend.

w. On August 24, 1996, Petitioner filed a Response to Petition to Dismiss and asked the Court not to dismiss the case due to Petitioner's counsel mistake by having missed the hearing.

## ISSUES TO BE RESOLVED

Whether the life estate granted to Alice Begay and Annie C. Begay was a valid transfer.

Whether Plot No. 309 should revert to Lucinda Begay Frank for failure of the holder of the life estate to make beneficial use of Plot No. 309.

Whether the District Court's acceptance of the Peacemaker's findings and decision preclude the District Court from subsequent independent findings and decision contrary to those of the Peacemaker

## DISCUSSION

This is a case involving a trust and life estate. In *Begay v. Keedah*, 6 Nav. R. 416 (1991), the Navajo Supreme Court addressed trust and conveyances of certain property. In that case, a grazing permit (12-646), originally issued to Mike

Johnson, was the subject of a dispute. This grazing permit was erroneously probated to the wife of the original permittee who was still alive. Upon such finding the probate judgment was declared void. The Court, voiding the August 28, 1956 order, further found that Mr. Johnson was mentally incompetant and further appointed a trustee, Martha Curley Johnson, for permit No. 12-1552 (which is presumed to be the same permit previously identified as grazing permit No. 12-646). Mr. Johnson and his wife, Eva Johnson, had three daughters: Martha, Nellie Johnson and Margaret Johnson. The former two were minors at the time.

The two sisters, Martha and Nellie, were age nineteen (19) and age ten (10) respectively and the grazing permit was to pass to them upon their reaching the age of twenty-one (21). Pursuant to the Order, the Bureau of Indian Affairs reissued permit No. 12-1649 to Margaret Johnson Curley on October 23, 1957, which was later amended to reflect correction in the same spelling. (Margaret Curley was called Martha Johnson in an earlier case).

Margaret J. Curley died on August 16, 1975 and the Window Rock District Court entered intestate probate decree awarding 1/3 interest in permit 12-1649 to Mable C. Yazzie as trustee for beneficiaries, Erwin and Kathy C. Curley, until they reached age twenty-one (21). The trustee, Mable, and the two minors, Erwin and Kathy Curley, were children of Margaret Curley.

The Petitioner in *Begay v. Keedah*, although an heir, did not receive any interest in the permit.

The 1956 probate decree, as entered by the Navajo Court of Indian Offenses, was found valid. Both the 1956 probate decree and the District Court's findings were considered and upheld in that it was the intent of the original holder that all three children share equally the permit by setting up a trust for the minors and by naming the eldest adult daughter as trustee. Stated the Court:

> Johnson did not intend that there be a trust created which would require daughter Margaret Curley to simply hold the permit until daughters Nellie and Martha reached age 21. The proper interpretation of the judgment in the record is that Johnson saw he was unable to care for the herd, and he wanted all three daughters to benefit from the permit. The effect of the 1957 judgment was to create a Navajo Common Law trust, with each of three children having an equal share in the permit. *Begay v. Keedah*, 6 Nav. R. at 420.

This case presently being considered by this Court is similar in many aspects, except that the trust was set up pursuant to a divorce decree in which the subject of the trust was a piece of farm land pursuant to an agricultural land use permit.

The concept of trust is not new to the Navajo people. While in *Begay v. Keedah*, the Supreme Court addressed trust in terms of grazing permits as Navajo customary trust and land use rights, the concept of trust in personal property is available. While land use is not a land title, it is a right termed by the Supreme Court Justices as "customary trust," giving a right to an individual, usually for a group to use a section of land. One method is for the original permittee to give to one person a permit and use of land to be held in trust for the children, grand-

children and so forth. Other times, the permittee may outright give a permit to an individual to be held in trust or to pass on to the individual's issue, etc., or the most logical heir.

The Supreme Court Justices point out that in cases where the subject of the trust is a grazing permit, it has nothing to do with American common law trust. Yet in the case at hand here, we are faced with a land use permit which was the subject of a divorce decree. The Court has appointed the original permittee as trustee for the minors, Lucinda and Tommy, Jr.

While the land use permit is very similar to the grazing permit and it would seem that that American common law trust is inapplicable here too, this Court finds it necessary to review this case with consideration of American common law trust concepts. More and more, American law concepts are applied in tribal courts. It would not be in the interest of the Navajo People if the American common law trust concept is completely disregarded. Trusts are not limited to land titles. *Lane Title and Trusts Company Brannon*, 103 Ariz 272, 440 P.2d. 105 (1968). Stated the court in *Lane Title*:

> Indeed, the trust device has been used for many different business purposes in recent years, and we are certain that astute attorneys will discover new uses for the trust in the future. *Land Title*, 440 P.2d. at 110.

This trend is not limited to non-tribal courts.

The essential elements of trust are: competent settler and trustee; clear and unequivocal intent to create trust; ascertainable trustee; and sufficiently identifiable beneficiaries. Here, Plot No. 309 was granted to the minors, Lucinda and Tommy, Jr. pursuant to a divorce decree. There was a clear and unequivocal intent to create a trust and there is an ascertainable trustee and both minors, Lucinda and Tommy, Jr., are identifiable beneficiaries. This Court is satisfied a trust was created.

When property is conveyed in trust, the trustees generally take on estate as is necessary to enable them to perform the trust. The legal estate of a trustee is measured by the purposes of the trust and their performances. 76 Am. Jur.2d., *Trusts*, Sec. 277.

This Court reviewed the files to determine the purpose of the trust. The July 17, 1975 divorce decree awarded certain properties to the children, Lucinda and Tommy, Jr. These properties would otherwise be divided as community property in a divorce case. One of the listed properties awarded to the children was 8.5 acres of land known as Plot No. 309, Hogback Irrigation Project. The property, Plot No. 309, was awarded to the children when they were minors; Lucinda was about 12 and Tommy, Jr. was about 10. This Court is convinced that Tommy Begay, Sr. was named trustee for the purpose of holding the trust until the children became adults.

Thus, upon reaching majority, the trust having been executed, the purpose of the trust ended, thereby terminating the trust and terminating the title and estate

of the trustee. *Id.*

Upon reaching majority, however, life estate interests in Plot No. 309 were granted to Annie C. and Alice Begay. The Court Order issued on June 15, 1984, docketed as SR-CV-903-81, SR-CV-388-83, and SR-CV-3082-84, states at 5 that after numerous meetings and settlement discussions supervised by this Court, the parties reached a full, comprehensive and complete agreement to resolve all matters between them and members of their families.

It is not clear to what degree Lucinda Begay and Tommy Begay, Jr. were involved and whether it was they who granted life estate interests to Annie C. Begay and Alice Begay. Having reached majority, Plot No. 309 should have been turned over to Lucinda Begay and Tommy Begay, Jr., and it is presumed that it had been turned over to them. It is further presumed that both Lucinda and Tommy, Jr. did turn over life estates to Annie and Alice Begay. The District Court on several occasions, has decided that life estates were granted to Annie and Alice Begay. This Court will not question that determination.

At common law, there were two classes of life estates: There were conventional life estates created by the acts of the parties; and those which come into existence by operation of law. 28 Am. Jur.2d., *Estates*, Sec. 56. The title or fee, whether by way of reversion or remainder, must alway be left in somebody when a life estate is created. Here, the remaindermen are Lucinda and Tommy, Jr.

There being no contrary information, this Court presumes that upon reaching majority, Lucinda and Tommy, Jr., as beneficiaries, were granted Plot No. 309 by operation of law. The divorce decree and the Land Use Permit support this presumption. It is further presumed that both Lucinda and Tommy Jr., on their own, created a life estate to be held by Alice C. and Annie C. Begay.

An instrument creating the estate manifests "intentions on the part of the grantor or testator to pass to a grantee or devisee a right to possess, use, or enjoy property during the period of life." 28 Am. Jur.2d., *Estates*, Sec. 62.

This Court will not contradict the District Court's findings that there were life estates created and that it was the intention of Lucinda and Tommy, Jr. to create the life estates in Alice Begay and Annie C. Begay. No facts to the contrary have been submitted.

There have been ongoing disputes, however, regarding Plot No. 309. This is summarized as follows: Lucinda Frank submitted a copy of a Land Use Permit which was reissued to Tommy C. Begay, Sr., as trustee for Lucinda Frank and Tommy, Jr. In that document, the Land Use Permit exists only upon putting the land to beneficial use. Based on the above presumption, upon reaching majority, the Land Use Permit, by operation of law, terminated Tommy C. Begay, Sr. as trustee. In that permit, there is a condition that the holder of the permit must put to beneficial use Plot No. 309. Thus, any life estate created is valid so long as it is put to beneficial use.

This is supported by Orders, SR-CV-901-81, SR-CV-388-83 and SR-CV-3082-84, which require that during the life estate of Alice C. Begay and Annie

C. Begay, Plot No. 309 be used as it had been before, which include putting Plot No. 309 to beneficial use.

On August 15, 1995, testimony was given by Ms. Lucinda Frank that Ms. Annie C. Begay was not living on the land, nor was she putting the land to beneficial use. If a life estate is made determinable upon the happening of some event, it may be terminated prior to the death of the life tenant or upon the happening of that event. 28 Am. Jur.2d., *Estates*, Sec. 98. Likewise, a life estate may terminate under a provision for the immediate vesting of the property in the remainderman upon failure to comply with prescribed conditions, such as failure to pay taxes or keeping a building insured, and here for failure to put to beneficial use Plot No. 309.

In some states, failure to pay taxes by a life tenant is regarded as committing waste, justifying forfeiture and upon such an event, the next in estate or the remainderman may enter without a court judgment. The reason is that the failure to pay taxes, for example, may result in sale of the estate and in such a case not only is the life estate gone, but the interest of the remainderman or the next in estate disappears. *Id.* Sec. 100. Forfeiture also results where there is failure to exercise care to preserve the estate or where waste is committed. *Id.* at Sec. 101. Likewise, here, failure to put Plot No. 309 to beneficial use may forfeit the Land Use Permit.

Some states have statutes in which failure to exercise ordinary care for the preservation and protection of a life estate is grounds which entitle the remainderman to claim a forfeiture. While there is no like Navajo Nation statute, there does exist federal law which requires that where there is a land use permit, the holder must put it to beneficial use or lose it. Here, Lucinda and Tommy Jr. have an interest as remaindermen to see to it that beneficial use is maintained. They have much to lose when life tenants do not comply with requirements as set out by the Land Use Permit.

For that purpose, this Court finds that when Lucinda and Tommy, Jr. reached majority, Tommy C. Begay, Sr.'s trustee estate terminated and that Plot No. 309 was passed to the beneficiaries and that the life estate in life tenants terminated upon failure to put to beneficial use Plot No. 309 and that Lucinda Frank can re-enter Plot No. 309 as a co-tenant, as she already has.

Although the Respondent, filed on May 17, 1995, a counterclaim, no fee was paid and this Court is not aware of proper service to other parties named. Also on August 11, 1995, in their Petition and Motion for an Order to Show Cause, the Respondents requested that this Court enforce SR-CV-903-81, SR-CV-388-83 and SR-CV-3082-84 and enforce the "consequences of default" against Tommy Begay, Sr. Again, no Court fee having been paid and there being no showing that Tommy C. Begay, Sr. was served, the counterclaim and Petition as filed are dismissed without prejudice.

An outstanding issue which also requires the Court's attention is the Peacemaking Agreement/Decision entered on June 28, 1994, which was accepted and entered as judgment signed by Judge Lorene Ferguson on August 15,

1994. One of the problems faced by this Court is whether the acceptance of the peacemaker's findings and decision entered there upon preclude the subsequent judge's decision contrary to that of the Peacemaker. Part of the problem here is the number of times the parties have gone to court regarding Plot No. 309 and others. The parties filed complaints at various times in the Family Court, the Peacemaking Division and the District Court. Each time, some essential fact might be deleted or added and each time a decision was made in the case, the case may go off into another tangent. The result is confusion. When a Judge accepts and enters as judgment peacemaking findings and decisions, it is done without the Judge making independent findings.

The acts of a Peacemaker in its findings and decision is a quasi judicial function.

> A 'quasi judicial act' has been defined as judicial act performed by one not a judge. The term 'judicial' may be applied to the act of an executive officer who, in the exercise of his functions, is required to pass on facts found; this is sometimes called a 'quasi judicial function.' 'Where a power vests a judgment or discretion, so that is of a judicial character or nature but does not involve the exercise of the functions of a judge, or is conferred upon an officer, having no authority of a judicial character, the expressions used is generally quasi judicial.' *State Commission of Utah v. Katsis*, 90 Utah 406, 62 P.2d. 120, 123 (1936).

Thus, the District Court Judge accepting peacemaking findings as judgment does not make it any more than what it is, a quasi judicial act. The judge's concurrence or acceptance of a peacemaker does not later preclude the judge from making independent review and findings so as to provide justice. *State Commission of Utah v. Katsis*, 90 Utah 406, 62 P.2d. 120 (1936). Thus, if the judge in her independent review finds different facts, the judge is not precluded from finding a decision contrary to that of a peacemaker if it is in the interest of justice. 46 Am. Jur.2d., *Judgments*, Sec. 522.

The life estate of Annie C. Begay having been terminated by failure to put to beneficial use Plot No. 309, Respondent Lucinda Begay Frank as remainderman has the right to enter Plot No. 309 as co-tenant.